UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

BANK OF AMERICA, N.A.,

                Plaintiff,

  -against-

APOLLO ENTERPRISE SOLUTIONS, LLC,
APOLLO ENTERPRISE SOLUTIONS, INC., and
MORIAH PARTNERS, LLC,

                Defendants.

----------------------------------------------------------------x

Civil Action No. 10-5707 (DLC)

DECLARATION OF JOSEPH S. KONOWIECKI

Joseph S. Konowiecki declares under penalty of perjury as follows:

1. I am the Chief Executive Officer and Chairman of Apollo Enterprise Solutions, Inc. ("Apollo") one of the defendants named in this action. I reside in Long Beach, California. The information contained herein is based on my own personal knowledge regarding the Application Service Provider Agreement # APO-21064 effective April 15, 2006 (the "Service Agreement") (*see* Wassam Decl. Exh. 1), as well as my own personal knowledge of and involvement in the course of dealing between Apollo and Bank of America pursuant to the Service Agreement.

2. On January 11, 2010, I sent a letter via Federal Express to the attention of Anh Gates at Bank of America providing notice that Apollo did not wish to renew the Service Agreement. A copy of my letter to Ms. Gates is attached as Exhibit 3 to the declaration of Dana Wassam.

3. On February 5, 2010, I sent a letter to Francisco J. Talvera of Bank of America providing notice that Apollo was exercising its contractual right to terminate the Service Agreement due to numerous material breaches of the agreement by Bank of America including:

(a) Failing to disclose its true and full usage of the IDS system;

(b) Failing to compensate Apollo for the substantially greater than agreed number of transactions being processed by the IDS system;

(c) Failing to disclose and pay the agreed fees for "collect" and "recovery" transactions that have been processed through the IDS system; and

(d) Failing to upgrade its equipment to support the materially greater number of transactions being processed by the system, which has forced Apollo to incur greater costs and resulted in significant losses.

A copy of my letter to Mr. Talvera is attached as Exhibit 4 to Ms. Wassam's declaration.

4. Apollo is incurring material losses each month as a result of Bank of America's material breaches of the Services Agreement. The losses Apollo is incurring each month as a result of Bank of America's misconduct are unsustainable and threaten to render Apollo insolvent if they are not brought to an end.

5. In response to my letters, Bank of America sent letters of their own disputing Apollo's right to not renew the Services Agreement and denying that it had materially breached the Services Agreement in any respect.

6. Nevertheless, following this exchange of letters the parties held discussions in an effort to resolve their differences. Although such communications would normally be considered protected settlement communications, an important factual assertion Bank of America has made in support of its application for a preliminary injunction is directly at odds

with a statement Ms. Wassam made to representatives of Apollo in my presence during the course of these discussions. Specifically, in her declaration in support of Bank of America's motion for a preliminary injunction, Dana Wassam asserts that "it will take Bank of America a considerable amount of time – an estimated minimum of nine months – to transition to a fully functional substitute system" (Wassam Decl. ¶ 20). In recent discussions with Apollo representatives in my presence, however, Ms. Wassam stated that the Apollo IDS system could be shut down 30 days from April 14, 2010 (the date the second renewal term ended) with no adverse affect to Bank of America's business. Indeed, Apollo and Bank of America had negotiated an agreement to phase out Bank of America's use of the IDS system by October 2010, a short two months from now, but at the last minute, Bank of America refused to execute the agreement unless Apollo agreed to release its claims for damages against Bank of America arising from its material breaches of the Service Agreement. When Apollo refused to execute such a release, Bank of America filed this action and motion for a preliminary injunction.

7. I never stated to Ms. Wassam that Apollo did not have the right to terminate or non-renew the Services Agreement. In fact, I have always had the contrary opinion.

8. I have reviewed the declaration of Adrian Gluck. In the meeting with Ms. Wassam, Adrian Gluck provided her a definition of "web hit" that is substantially the same as the Wikipedia definition provided in Mr. Gluck's declaration. She agreed that his definition was correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:   August 16, 2010

_____
Joseph S. Konowiecki